Good morning, Your Honors. May it please the Court. Joseph Horry, appearing for Appellant Sukesh Barman. Your Honors, what we have in this case is an issue of statutory construction. And the statute that we're construing provides that no court shall have jurisdiction to review any decision of the Secretary of Homeland Security or the Attorney General on an application under this paragraph. Now, the words in that statute that need construing here are Secretary of Homeland Security and Attorney General. Now, as with any question of statutory construction, we turn first to the plain meaning. And the plain meaning of the Secretary of Homeland Security is the Secretary himself, not the Secretary or his designee. Now, originally I thought, well, it's ambiguous, but it's really not ambiguous. I'm persuaded, and I think the Court should be persuaded as well, by the Dole v. Worcester Public Schools case that we cite in our reply brief, that we can't create an ambiguity by adding language to the statute that Congress has not seen fit to put there. So the Secretary is the Secretary and nothing beyond that. But even if there is an ambiguity, that ambiguity is governed by the principle that judicial reviewability of an administrative decision is presumed. And that is a strong presumption, as this Court and the Supreme Court have held on multiple occasions. It can be overcome only by clear and convincing evidence of a contrary legislative  Well, but just a minute, just a minute, Counselor. I appreciate that you want me to look at 48 U.S.C. 1806 E6D, which is what you've been quoting about barring judicial review of any decision by the Secretary and also by the Attorney General. But what are you going to do with 6 U.S.C. 112 B1 that says, the Secretary may delegate any of the functions to any officer, employee, or organizational unit of the Department? That was there long before this particular statute came into effect. There's no question that the Secretary could have done that. It was in the statute. It's part of the statutory complex. I don't think it's a matter of ambiguity at all. It's a matter of plain meaning. You've got a plain meaning that we can't do anything about what the Secretary does. And the Secretary, plain meaning of the statute, can delegate it to his functionaries. So where am I going to find it? Well, Your Honor, we're not disputing that the Secretary can delegate his decision. Our issue is with the reviewability of that decision once it's delegated. The Secretary, if the Secretary is going to delegate the decision to him. Your Honor, let me ask you a question. Is there anything that you have that says they're an exception to 6 U.S.C. 112 B1? I don't have anything, and I don't claim there's an exception to it. What we're talking about here, though, is not whether it's a delegable decision. It is a delegable decision. The judicial review. And since it's been delegated to some person other than the Secretary, it's no longer covered by the jurisdiction-stripping provision of the statute. Let's go one further. What about 8 U.S.C. 1103 A4? Secretary may require or authorize any employee of the Service or the Department of Justice to perform any or exercise any of the powers, privileges, or duties conferred or imposed upon the chapter. That's another. I don't have to go for ambiguity. It's a straight function. It's straightforward. 8 U.S.C. 1103 says that's what the Secretary can do. We agree the Secretary can do it. We're not disputing the delegation. Well, if they require another employee to do it, which is exactly what happened here, why do we have an issue? That's right, and we don't have an issue with the delegation itself. What we have an issue with is the denial of judicial review of the delegated decision. Once that functionary has made the decision, it is subject to judicial review. The delegation itself was proper, and we don't challenge it. But the statute authorizing this decision to be made in the first place refers to the Secretary, right? This is, I'm sorry, the statute designating? The statute that under which were the provision of 1806 that authorizes anybody to do this says the Secretary can do this. Right, okay. So if the delegation is valid, and I understand that you're acknowledging that it is, then it must mean that the delegated decision is the decision of the Secretary because the statute confers authority only on the Secretary. And so my question is, if this delegated decision is the decision of the Secretary for purposes of there being authority to do it, how can it not also be the decision of the Secretary for purposes of the judicial review provision? Well, the decision of the Secretary, again, the Secretary can delegate the making of the decision, but in doing so cannot transfer or confer or convey his immunity from judicial review. That doesn't ride along with the delegation. Why not? I mean, it's the same language in both provisions, right? The Secretary can make this decision. The decision of the Secretary is not subject to judicial review. And how can a delegated decision be the decision of the Secretary for purposes of one, but not the decision of the Secretary for purposes of the other? I think that's because one is conferring a power on the Secretary, and then the Secretary is entitled and authorized to delegate and confer that power. The 1806 is not conferring any power or duty on the Secretary. It's describing the result or the effect or the reviewability of a decision by the Secretary. But just a minute. 1806 is only a part of the statute, and the statute does give the Secretary of Homeland Security the power here. And the only thing that's added to that particular statutory complex is the idea that in this particular instance, judges can't get involved in undoing what the Secretary does. But the Secretary gets all the power, not from that, but from another statute, and the Secretary can properly delegate that. And that's why Judge Miller's question is pretty important. If, in fact, the Secretary is getting the power, and the only thing that can't happen, I mean, the Secretary's ideas on other issues would certainly be subject to us, but in this instance, they don't want the judges to get involved. That's the Congress, not us. We're not anxious. I mean, we'd love to get involved, but the bottom line here is the Secretary got the power, the Secretary can delegate it, and you judges can't have anything to do with what happens in this particular issue. That's the statute. Well, I think when we look at that, when we look at the statutory language, we see it restricted to the Secretary himself, not to the one to whom the decision is delegated. So even though the decision is delegated, the statutory language, which is the language that was applied in this case in order to strip jurisdiction, that language does not cover a decision by somebody to whom the decision was delegated. Are you aware of any case involving, I don't know what sort of similar authorities might have existed on the part of the Secretary when this provision was enacted, but are you aware of any case in which the Secretary personally exercised his authority under any similar statutory authorization? My understanding is that the Secretary personally exercises authority in selecting decisions to be precedential for purposes of being reported in the immigration naturalization decisions. The Attorney General personally exercises authority over some decisions of the Board of Immigration Appeals. There is involvement at that level, and it doesn't extend to every case, but the authority is there to be exercised when they see fit to do so, when the Secretary or the Attorney General see fit to step into a case and look at it personally and take that personal look at the case and make a decision on it individually. We think that can be done, and if they want to preserve their immunity from judicial review, they need to do it that way, because that's the only way we can have a full and meaningful review of the decision, rather than letting it rest solely with the functionary without any kind of review or appeal by any higher official at all. Do we know that there are no delegations? All the way to the administrative top level. Sorry, Mr. Hoy, the two examples you just gave, similar language in the statutes. Do we know there are no delegations of authority formal or implied in making those sets of decisions, deciding which ones will be precedential, or the two examples you gave? Those are done in the name of the Secretary and the Attorney General. They sign off on it, they put their name on it, and it's done by their authority. Whether there's some delegation in the actual drafting, it's possible. I couldn't tell one way or the other, but it is done at their level of authority. And with their approval and with their blessing. And in their name. Yes, I'll reserve the rest of my time for rebuttal. Thank you. Good morning, Your Honors. May it please the Court, Ian Lam for the United States. The lower court got this right in determining that 1806 E6D precludes review of a decision made by USCIS as the Secretary's delegate. Again, as this Court has noted, a decision of USCIS exercising delegated authority is necessarily a decision of the Secretary. And even if there is any question remaining as to the application of this jurisdictional bar to a decision made by USCIS, the purpose of the Belief Act, the backdrop against which it was passed, and analogous cases applying a similar jurisdiction stripping statute to decisions made by USCIS demonstrates that the review bar applies here. And finally, the keystone argument that Mr. Barman advances is that the presumption favoring judicial review applies. It does not. There is nothing about the word Secretary as used in 1806 E6D or in the language of that entire provision itself that is reasonably susceptible to divergent interpretation such that that presumption would apply. Can I just ask you at the outset, so this is a statute that, as I understand it, applied to a fairly limited class of people. And I would imagine that given the timing, many of their applications have already been processed and become final. And so my question is, are there a lot of cases that are going to be, that are still in this posture, that are going to be affected by this? Are you asking like in terms of how many cases have been denied? Yeah, well, I mean, just like how many more cases there are going to be that would be affected by what we said here? Understood. Yeah, so any case that was to be decided by USCIS has been decided. And the publicly available data, and these are approximate figures, showed that a total of 2,941 applications were received. Of those, approximately 1,813 were denied. So that kind of puts into perspective if this court were to find that the statutory review bar doesn't apply. And how many of, so there's about 1,000, did you have a sense of, are there people who have like timely challenges that might still be pending out of that 1,000 denials? In federal district court? Yeah. Not that I'm aware of. I'm not aware of any other case. Okay. I could be wrong on that though. No, okay. None that I'm aware of. Thank you. To clarify again, a decision by USCIS as a secretary's delegate is a decision of the secretary. The statute here, and we look at immigration statutes throughout federal law, references the source of authority and not the particular signature on an NM-1 application. Mr. Barman concedes that the secretary validly delegated authority to administer and adjudicate NM-1 applications. And so in that delegation, there's not a rider that somehow attaches or does not attach depending on who is exercising that authority. Once that authority has been delegated and once that delegated authority has been exercised, it's the same exact thing. A decision by USCIS is a decision by the secretary. So the result is that it should be barred under 1806 E-60. And as Mr. Barman advanced, he has a different interpretation. In his view, 1806 E-60 leaves the secretary with two choices. One is to personally adjudicate the application, in which case that decision would be barred from judicial review. Or he can delegate that decision to a subordinate, in which case the jurisdiction stripping provision wouldn't apply. But that doesn't work for at least two reasons. The first of all is that this interpretation is contrary to years-long inter-circuit case law applying decisions made by USCIS as a delegate. Sorry, applying jurisdiction stripping statutes to USCIS as a delegate, where that jurisdiction stripping statute only names the secretary. So this court were to adopt Mr. Barman's interpretation saying, actually, secretary could be one of two things in the jurisdictional bar only applies to a decision made personally by the secretary. We could begin to erode years and thousands of cases in the 1252 A2B2 context, where the provision secretary was interpreted to also include decisions made by USCIS. But many of those cases, at least, seem to involve a earlier step with respect to whether they're discretionary or not in some of the statutes. That's right, Your Honor. And I guess to clarify, I would agree with Mr. Barman that all those cases on that actual step zero issue of, well, does a jurisdiction stripping statute apply to USCIS as secretary's delegate? That wasn't actually analyzed by any of these courts. I mean, it's a little troubling, right? Because given how pervasive either express or implied delegation is, particularly in areas where you have jurisdiction stripping, I was at least surprised not to find a more definitive statement out there. So you can see that most of these are step one rather than the step zero problem. That's right, Your Honor. But I think it's not – the government doesn't see it as troubling. I think it makes the point very obvious. Of course, a decision by USCIS as a delegate is a decision of the secretary. Parties didn't litigate this. Courts found that question too obvious to analyze. Courts simply just said, yes, of course, a decision by USCIS as a delegate is a decision of the secretary, and these courts were right to do so. And I think that also goes to Mr. Barman's cornerstone argument, which is presumption favoring judicial review. You need reasonable susceptibility to diversion interpretation. Here we don't have a single court in the line of 1252A2B2 cases saying, wait, does secretary actually mean secretary personally, or does secretary mean a delegate of the secretary? Well, I guess, you know, we've had a few different ways of characterizing these canons. One might be that we have to reach a threshold determination of ambiguity. Maybe it's just so obvious because it's anything but ambiguous. But elsewhere we've said we've referred to clear statement rules or things that would take a different approach in a jurisdiction-stripping statute. So I guess help me weed my way through those pieces. I take your point that, well, maybe it's just obvious so we don't reach the ambiguity, so we don't reach that step. But, you know, jurisdiction-stripping statutes generally have approached pretty narrowly and seem to reach something like a clear statement rule, at least in some of our cases. Two points on that, Your Honor. I think it's helpful then to look at the language and the backdrop against which Congress passed this statute and statutes like it, right? They passed the Relief Act in 2018. At that point, the delegation from the secretary to USIS had been in effect for over 15 years. So Congress was ostensibly aware that, look, the secretary has delegated all authority to administer the immigration laws and to adjudicate immigration benefit applications to USIS. So Congress had this understanding, okay, we say secretary, that is meant to include and to understand that as a decision by USIS. And on that point, I mean, do you know of any statute out there that would jurisdiction-strip at the level of the delegatee that would be the counterexample here? Not in federal immigration law with reference to the secretary, but I can think of one that applies to the attorney general in a separate provision. So that's like wiretapping statutes. So if you look at the Inland Empire case from the Ninth Circuit, they talk about Giordano. And in that case, this circuit found that, well, first of all, Giordano only applies to statutes that explicitly restrict delegation, subdelegation. And the statute at issue there was one. And so the statute at issue in Giordano was whether the attorney general had power to authorize a wiretap. And that statute says, well, the attorney general can't authorize a wiretap or any other assistant attorney general that has been specially designated. Right. In those areas where you have a general delegation, they say, you know, regardless of other law, you can delegate. But if it's a constrained delegation in that case, then it needs to do more work to get around that. All right. So what's your second point on the clear statement? The second point is going to be just what would happen if we were to determine that, okay, maybe it's not clear. Maybe secretary only means secretary personally and we adopt Mr. Barman's interpretation. The issue there, then, is, again, the understanding that we, and Your Honors talked about this when talking to my colleague, is that does the secretary actually personally adjudicate any application for an immigration benefit? Not that the government is aware of. The government is not aware of a single instance where the secretary has personally adjudicated an application for an immigration benefit. So then we have a surplus issue. Right. 1806 E-60, if it's read to only preclude judicial review of a decision made personally by the secretary and the secretary makes no such decisions, then it would bar judicial review over nothing, over nothing. It would render the entire statute meaningless or that provision meaningless. I also want to clarify a point brought up by my colleague. He said that the secretary personally exercises authority in designating decisions to be precedential. I'm not quite sure if the Secretary of Homeland Security does that. I know that the Attorney General in some limited instances, and this was cited in Mr. Barman's reply brief, does choose cases from the BIA to review and issue decisions on, but I'm not aware of any situation where the secretary has done something similar. I think my colleague also raised Doe v. Wooster, a state court case that he thinks is his strongest authority, and I would agree that's the closest he can get to the proposition that he's trying to advance here, which is in some cases delegation is inappropriate. But in both those state court cases, actually, putting aside the fact that there are state court cases interpreting state common law and state statutes with no persuasive weight here, those cases dealt with provisions that had neighboring provisions that actually referred to designees or delegation. And the provision at issue in both those cases, Doe and Benda, the language at issue here, did not refer to the actual designee or subordinate. It only referred to the principal. So the courts, when looking at those cases, looked at the neighboring provisions of the statute at issue, said, okay, provision A-1 says principal or designee. The issue here is provision A-2. A-2 only references the principal. There, where Congress has chosen not to include the same language that it included in A-1, indicates that delegation is not proper here. We don't see that anywhere in 1806 E-60. We don't see that anywhere in federal immigration law that I'm aware of, where you carved out a provision that only applies to the secretary versus the secretary's delegate. Again, Congress has long understood secretary to also include decisions made by USCIS as the secretary's delegate. We have cases going back to 2010 acknowledging and applying 1252 A-2B-2 to USCIS' decisions, exercising the secretary's delegated authority. And we have cases going back to 2008 recognizing the valid delegation of authority from the secretary of Homeland Security to USCIS. I think, again, these 1252 A-2B-2 cases just emphasize the point that the lack of litigation demonstrates the absence of ambiguity. And I understand, Judge Johnstone, you're a bit concerned that no court out there has actually said, of course, delegation works in this case. The secretary delegates authority to USCIS. Therefore, USCIS' decision is a decision of the secretary. That is a logical leap that no court has actually analyzed, no party has litigated. But if we look at all these cases, we can see, again, that the question at least is not subject to diversion interpretation, right? You can apply the presumption favoring judicial review. And to hold otherwise would honestly just wreak havoc on the entire federal immigration scheme because, as this court knows, Congress legislates with the understanding that USCIS exercises the secretary's authority to administer immigration statutes and decide immigration applications. Thank you. Thank you. Rebuttal? Thank you. Even accepting the government's argument that the secretary means the secretary or his designee, that it can mean that, it certainly can mean just the secretary himself. That is a possible, plausible reading of the statutory language, which means that an ambiguity exists and that we, therefore, need to look at the presumption in favor of judicial reviewability. But is that the way we read statutes generally? I'm sorry, Mr. Hoyt. Right. So an outsider might come in and say, well, the attorney general refers to a person, and this is that person, and that person didn't make this decision. But generally, we try to understand Congress as kind of making sense and legislating against its backdrop of cases. So why should we give this statute a reading that no other court has given a reading with respect to delegated authority? Well, as your Honor has pointed out, it hasn't been litigated before. At least that I can find, it hasn't been litigated. Right. But we refer all the time to the secretary in the immigration cases and beyond. We refer all the time, as Congress does, to officials that are exercising delegated authority as the officials themselves. I think we have to consider that it's at least a reasonable, possible reading that the statute means exactly what it says, without adding assumptions into that based on anything other than the plain language of the statute as a possible reading, creating an ambiguity. And when we do that, we need to look for the clear and convincing evidence. And it's not to be found. There's not much legislative history. But what there is is detailed at page 10 and 11 of our opening brief. And it becomes very clear when you look at that what the statutory objective is. And the statutory objective is another place you need to look for the clear and convincing evidence. And the statutory objective, as it's stated by the sponsor of the bill, is to help people who fell through the cracks in prior legislation so they can continue to live and work as part of our community. It's designed to rescue a limited class of people so they can stay in the CNMI. And it would contravene that objective to help these people who have already fallen through the legislative cracks for years and years now to now just to rescue them in a boat that has gotten its own cracks. Now they've slipped through the administrative cracks as well due to the lack of judicial review. The statutory objective and purpose itself would be contravened by such an interpretation. So Mr. Barman would ask the court to uphold the presumption of reviewability, to uphold the statutory objective, and to allow him the opportunity of full review of the merits of this case. All right. Thank you very much. Thank both counsel for their helpful arguments and the cases submitted.
judges: SMITH, MILLER, JOHNSTONE